■ MARK DUGAN, Individually and as Representative of the Estate of KIMBERLY D. DUGAN, Deceased, Appellant, v SCHERING CORPORATION et al., Respondents. [620 NYS2d 687] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the cross motion of defendants for summary judgment seeking dismissal of the complaint on the ground that the action is time-barred. Under New York's borrowing statute, "[a]n action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply" (CPLR 202). Here, the cause of action accrued in North Carolina, where plaintiff's decedent was exposed *in utero* to the drug dienestrol in 1955 and was diagnosed with cancer related to that exposure in 1976. The circumstance that the cancer recurred in 1990 when decedent was a resident of New York does not determine the location where the cause of action accrued. Under the applicable Statute of Limitations of either North Carolina or New York, this action is time-barred *(see, Antone v General Motors Corp., Buick Motor Div.,* 64 NY2d 20). In reaching that conclusion, we reject plaintiff's assertion that the cancer diagnosed in 1990 constituted a second and separate injury. Plaintiff offered no medical evidence to support that theory. Rather, the unrebutted medical proof established that the cancer diagnosed in 1990 was a recurrence of the cancer diagnosed in 1976.

We have reviewed the remaining contentions of plaintiff, and we conclude that they lack merit. (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Davis, JJ.